IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MARK ANTHONY TURBEVILLE,
  Plaintiff,

vs.            Case No.: 5:07cv195/RS/EMT

OFFICE OF CHILD SUPPORT ENFORCEMENT
of the State of Florida Department of Revenue,
  Defendant.
_____/

## ORDER, REPORT AND RECOMMENDATION

  Plaintiff, a non-prisoner proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1).  Plaintiff has also submitted an application for leave to proceed in forma pauperis (Doc. 2). Plaintiff having demonstrated he is unable to pay the filing fee, the court will authorize commencement of this action without prepayment of the filing fee, pursuant to 28 U.S.C. § 1915(a)(1).

  Plaintiff names the Office of Child Support Enforcement of the State of Florida Department of Revenue (Florida Department of Revenue) as the sole Defendant in this action (*see* Doc. 1 at 1, 2).  Plaintiff states that over the past thirteen (13) years, he has been repeatedly incarcerated for contempt based upon his failure to pay court-ordered child support (*id*. at 3, continuation pages). He states that at the time of filing the instant complaint, August 8, 2007, he is in the "contempt phase" of enforcement proceedings "in this same case" in state court, and he faces the immediate threat of incarceration even though he is unable to comply with court-ordered child support payments (*id*.).  Plaintiff states that the Florida Department of Revenue pursued contempt charges even though he was either in compliance with the court orders or was unable to comply with them (*id*.).  Plaintiff states he was unlawfully incarcerated for the sole purpose of generating revenue for the State (*id*.).  Plaintiff additionally states that the Florida Department of Revenue defamed his

character by causing his incarceration, as evidenced by the fact that several employers terminated his employment because he was unable to report to work due to his incarceration (*id*.). Plaintiff alleges he has suffered "civil harassment," public humiliation, mental anguish, financial ruin, and physical and emotional "endangerment" as a result of the Florida Department of Revenue's falsely incarcerating him (*id*.). Plaintiff brings suit against the Florida Department of Revenue for false imprisonment, violation of his due process rights, and defamation (Doc. 1 at 4). As relief, he seeks compensatory and punitive damages, as well as an order relieving him of all debts currently owed to the Florida Department of Revenue (*id*.).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its face. *See* Bell Atl. Corp. v. Twombly, No. 05-1126, 2007 WL 1461066, at *10–*11, *14 (May 21, 2007) (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). Upon review of the complaint, the court concludes that it appears beyond doubt that Plaintiff has failed to state a plausible claim to relief; therefore, dismissal of this action is warranted.

Plaintiff's request for an injunction relieving him of any obligation currently owing to the Florida Department of Revenue is essentially a request to enjoin the enforcement proceedings

currently pending against him. This claim for equitable relief must be dismissed on <u>Younger</u> abstention grounds. In <u>Younger v. Harris</u>, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), the Court "reaffirmed the 'basic doctrine of equity jurisprudence that courts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.'" <u>O'Shea v. Littleton</u>, 414 U.S. 488, 499, 94 S. Ct. 669, 677–78, 38 L. Ed. 2d 674 (1974) (quoting <u>Younger</u>, 401 U.S. at 43–44). The <u>Younger</u> abstention doctrine derives from "the vital consideration of comity between the state and national governments," <u>Luckey v. Miller</u>, 976 F.2d 673, 676 (11th Cir. 1992) ("Luckey V"), which <u>Younger</u> itself described as a "sensitivity to the legitimate interests of both State and National Governments." <u>Younger</u>, 401 U.S. at 44.

Since <u>Younger</u>, the Supreme Court and the Eleventh Circuit have applied and expanded upon that abstention doctrine. In <u>O'Shea v. Littleton</u>, 414 U.S. 488, 499, the Supreme Court, in an alternative holding, held that the district court had properly declined to provide equitable relief to plaintiffs who sought an injunction against various state officials, including state judges. The plaintiffs had alleged that the state judges had unconstitutionally: (1) set bond in criminal cases without regard to the facts of a case; (2) set sentences higher and imposed harsher conditions on black persons than white persons; and (3) required black persons, when charged with violations of city ordinances that carry fines and possible jail sentences if the fines cannot be paid, to pay for a trial by jury. *Id.* at 492. The plaintiffs requested that the federal district court enjoin those practices, and the district court declined to do so.

In holding that the district court had properly declined to enjoin those practices, the Supreme Court stated that "'the principles of equity, comity, and federalism . . . must restrain a federal court when asked to enjoin a state court proceeding.'" *Id.* at 499 (quoting <u>Mitchum v. Foster</u>, 407 U.S. 225, 243, 92 S. Ct. 2151, 2162, 32 L. Ed. 2d 705 (1972)); *see also* <u>Growe v. Emison</u>, 507 U.S. 25, 32, 113 S. Ct. 1075, 1080, 122 L. Ed. 2d 388 (1993) (stating that "principles of federalism and comity" must underlie the discretion of courts of equity). The Supreme Court emphasized that:

> An injunction of the type contemplated by respondents . . . would disrupt the normal course of proceedings in the state courts via resort to the federal suit for determination of the claim ab initio, just as would the request for injunctive relief from an ongoing state prosecution against the federal plaintiff which was found to be unwarranted in <u>Younger</u>.

O'Shea, 414 U.S. at 501.  The Court held that "the 'periodic reporting' system [that] . . . might be warranted would constitute a form of monitoring of the operation of state court functions that is antipathetic to established principles of comity." *Id.* at 501 (footnote omitted).

Relying on both Younger and O'Shea, the Eleventh Circuit held in Pompey v. Broward County, that abstention was proper in a § 1983 action challenging the constitutionality of contempt hearings in child support enforcement proceedings on Sixth and Fourteenth Amendment grounds. 95 F.3d 1543, 1545 (11th Cir. 1996).  The plaintiffs were five fathers who already had been, and who alleged that they were also likely in the future to be, ordered incarcerated by the Broward County Circuit Court for failure to pay child support.  *Id.* at 1544.  They brought a § 1983 suit against the Broward County Support Enforcement Division, Broward County, its administrator, the director of the Support Division, and the family division judges of the Broward County Circuit Court.  *Id.*  The plaintiffs claimed that the defendants' practices during "Daddy Roundups" were unconstitutional because:  (1) the court failed to inform them of their right to court-appointed counsel, and to appoint such counsel for indigent fathers, and (2) the court failed to provide them with due process at their civil contempt hearings by relying on faulty and insufficient evidence with regard to the amount in arrears, spending insufficient amounts of time on each case, and failing to keep records of each hearing.  *Id.* at 1544–55.  The plaintiffs sought various forms of injunctive relief and damages.  *Id.*  After noting several problems that would arise "if the federal district court were to arrogate to itself the role of overseer of Broward County's child support enforcement proceedings," *id.* at 1549–50 (internal quotation omitted), the Eleventh Circuit affirmed the denial of the plaintiffs' claims for equitable relief against the defendant judges on abstention grounds, and held that the plaintiffs' claims for equitable relief against the Support Division were also due to be dismissed on Younger abstention grounds.  *Id.* at 1551–52 and n.14.

Based upon the reasoning of Pompey, the undersigned concludes that Plaintiff's claims for equitable relief against the Florida Department of Revenue should be dismissed under the Younger doctrine.  *See* Adams v. Florida, 185 Fed. Appx. 816, 817 (11th Cir. 2006) (unpublished) (affirming the dismissal of a 42 U.S.C. § 1983 complaint seeking to enjoin a civil contempt finding in child support enforcement case under the Younger doctrine).

To the extent Plaintiff seeks monetary relief against the Child Support Enforcement (CSE) Office, a division of the Florida Department of Revenue, his claim is barred by the Eleventh Amendment.  The Eleventh Amendment is an absolute bar to suit for monetary damages by an individual against a state or its agencies, or against officers or employees of the state or its agencies in their official capacities.  Edelman v. Jordan, 415 U.S. 651, 662–63, 94 S. Ct. 1347, 1355–56, 39 L. Ed. 2d 662 (1974).  Absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment prohibits Plaintiff's suit against the state agency in federal court.  Kentucky v. Graham, 473 U.S. 159, 167 n. 14, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); Harden v. Adams, 760 F.2d 1158, 1163–64 (11th Cir. 1985) (holding that Eleventh Amendment bars suit against Troy State University because it is an agency and instrumentality of the state under Alabama law).  Therefore, to the extent Plaintiff seeks monetary damages against the CSE Office of the Florida Department of Revenue, his claims are barred by the Eleventh Amendment.

Finally, it appears that Plaintiff may be asserting state tort claims, including defamation, pursuant to the court's supplemental jurisdiction under 28 U.S.C. § 1367.  It is well established that once Plaintiff's federal claims are dismissed, there remains no independent federal jurisdiction to support the court's exercise of supplemental jurisdiction over the state claims against Defendant.  *See* Baggett v. First National Bank of Gainesville, 117 F.3d 1342, 1352 (11th Cir. 1997).  Title 28 U.S.C. § 1367(c)(3) provides that the district court may decline to exercise supplemental jurisdiction over claims after it has dismissed all claims over which it has original jurisdiction.  *See also* United Mine Workers v. Gibbs, 383 U.S. 715, 725–26, 86 S. Ct. 1130, 1138–39, 16 L. Ed. 2d 218 (1966).  Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction.  Baggett, 117 F.3d at 1353 (citing Palmer v. Hospital Authority of Randolph County, 22 F.3d 1559, 1569 (11th Cir. 1994); Executive Software N. Am. v. United States Dist. Court, 15 F.3d 1484, 1493 (9th Cir. 1994); New England Co. v. Bank of Gwinnett County, 891 F. Supp. 1569, 1578 (N.D. Ga. 1995); Fallin v. Mindis Metals, Inc., 865 F. Supp. 834, 841 (N.D. Ga. 1994)).  Taking these factors into account in this case, the court concludes that Plaintiff's state law claims should be dismissed to permit him to pursue his state law claims in a more appropriate forum. While it would be convenient for the

Plaintiff to continue litigating his case in this court, this court has a substantial number of original jurisdiction cases awaiting review, and neither judicial economy nor fairness to other litigants support retaining jurisdiction of Plaintiff's state claims and delaying justice in other cases. Furthermore the state court is best equipped to research and rule on matters of state law, and comity would suggest that it should be allowed to do so.

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **GRANTED**.

And it is respectfully **RECOMMENDED**:

1. That Plaintiff's claims for equitable relief against the Child Support Enforcement Division of the Florida Department of Revenue be **DISMISSED** with prejudice on Younger abstention grounds.

2. That Plaintiff's claims for monetary relief against the Child Support Enforcement Division of the Florida Department of Revenue be **DISMISSED** on the basis of Eleventh Amendment immunity, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

3. That Plaintiff's state law claims be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to assert them in state court.

4. That this action be **DISMISSED** and the clerk be directed to close the file.

**DONE AND ORDERED** this 17th day of September 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy hereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**